No. WR-47,593-02

WR-47,593-02
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 3/10/2015 2:53:04 PM
Accepted 3/10/2015 3:30:22 PM
ABEL ACOSTA
CLERK

IN THE COURT OF CRIMINAL APPEALS OF TEXAS, AT AUSTIN

RECEIVED
COURT OF CRIMINAL APPEALS
3/10/2015
ABEL ACOSTA, CLERK

**Ex parte Randal Franklin Caraway**
Applicant

*Habeas Corpus* Proceeding under Article 11.07, *et seq.*, C.Cr.P., in Case Number 19072B, from the 91st District Court of Eastland County

# Notice of Filing Objections and Request for Stay in Proceedings Pending Resolution of Issues

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

COMES NOW, Randal Franklin Caraway, Applicant in the above styled and numbered cause, by and through John G. Jasuta, his undersigned lead counsel, and respectfully files this "Notice of Filing Objections and Request for Stay in Proceedings Pending Resolution of Issues," and would show the Court that on August 8, 2014, the convicting court entered its findings of fact and conclusions of law, which were subsequently forwarded to this Court by the District Clerk of Eastland County and received by the Clerk of this Court on August 15, 2014. Applicant would show the Court that the findings and conclusions at issue are not supported by the *habeas* record and fail to properly apply the law relating to the allegations made and the evidence proffered.

On March 10, 2015, Applicant filed his objections to the *habeas* court's Findings of Fact and Conclusions of Law in that court. A true and correct copy of Applicant's objections are attached as Exhibit "A" to this document.

## Prayer

WHEREFORE PREMISES CONSIDERED, Appellant prays this Honorable Court to grant this request in all things and stay all proceedings in this Court pending the convicting court's resolution of his objections. Additionally, in the event that the convicting court refuses to withdraw its findings and conclusions, the undersigned requests the Court to consider his objections when ruling on the merits of this case.

Respectfully submitted,

**John G. Jasuta**
Attorney at Law
Post Office Box 783
Austin, Texas 78767-0783
eMail: lawyer1@johngjasuta.com
Tel. 512-474-4747
Fax: 512-532-6282

State Bar No. 10592300

Attorney for Randal Franklin Caraway

## Certificate of Compliance and Delivery

This is to certify that: (1) this document, created using WordPerfect™ X6 software, contains 317 words, excluding those items permitted by Rule 9.4 (i)(1), Tex.R.App.Pro., and complies with Rules 9.4 (i)(2)(B) and 9.4 (i)(3), Tex.R.App.Pro.; and (2) on March 10, 2015, a true and correct copy of the above and foregoing "Notice of Filing Objections and Request for Stay in Proceedings Pending Resolution of Issues" was transmitted via the eService function on the State's eFiling portal, to John R. Saringer (saringer@wagstafflaw.com), attorney *pro tem*, counsel for the State of Texas.

_____
**John G. Jasuta**

# Exhibit "A"

COPY

| | | |
|---|---|---|
| EX PARTE | § | IN THE DISTRICT COURT |
| | § | EASTLAND COUNTY, TEXAS |
| RANDAL FRANKLIN CARAWAY | § | 91ST JUDICIAL DISTRICT |

## Applicant's Objections to the *Habeas* Court's Findings, Conclusions and Recommendations

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Randal Franklin Caraway, Applicant, by and through his attorneys, John G. Jasuta and David A. Schulman, and respectfully files these objections to the to *Habeas* Court's findings, conclusions and recommendations, and would show the Court:

I

Applicant filed an application for a writ of *habeas corpus* in Cause Number 19072B, in this Court, on June 14, 2014. The application was transferred to the Court of Criminal Appeals, received on July 11, 2014 and docketed as indicated above. On August 15, 2014, a Supplemental Clerk's Record was received at the Court of Criminal Appeals containing the *habeas* court's Findings of Fact and Conclusions of Law, which had been signed by the *habeas* court on August 8, 2014, to which Applicant objects as set out herein:

## Applicant's General Objection

The *habeas* court was without jurisdiction to enter the Findings and Order which it entered on August 8, 2014. As set out above, the application

had been filed in the *habeas* court on June 14, 2014. The law states, in pertinent part:

> (c) Within 20 days of the expiration of the time in which the state is allowed to answer, it shall be the duty of the convicting court to decide whether there are controverted, previously unresolved facts material to the legality of the applicant's confinement. Confinement means confinement for any offense or any collateral consequence resulting from the conviction that is the basis of the instant habeas corpus. If the convicting court decides that there are no such issues, the clerk shall immediately transmit to the Court of Criminal Appeals a copy of the application, any answers filed, and a certificate reciting the date upon which that finding was made. Failure of the court to act within the allowed 20 days shall constitute such a finding.

Article 11.07, § 3(c), C.Cr.P. A failure to act within the statutorily allowed time period constitutes a finding that there are no controverted, previously unresolved facts material to the legality of the applicant's confinement. There is no provision for the *habeas* court to extend the time in which it might act other than that set out in the statute. Article 11.07 § 3(d), C.Cr.P. The findings entered by the *habeas* court in this case were not entered within the statutorily allowed time period.

The application was filed in the District Clerk's office on June 14, 2014. That official then was required, by Article 11.07, § 3(b), C.Cr.P., to:

> forward a copy of the application by certified mail, return receipt requested, by secure electronic mail, or by personal service to the attorney representing the state in that court, who shall answer the application not later than the 15th day after the date the copy of the application is received.

Obviously, since the State filed its answer on June 19, 2014, the State received notice at some time prior thereto. Given the date, however, the *habeas* corpus court's time frame in which to answer began not later than July 4, 2015. Twenty days later, July 24, 2014, the *habeas* court ran out of time in which to act and, by statute, a finding as set out above was

2

entered, by operation of law. Thus, the *habeas* court's action in entering the findings and recommendation was done without jurisdiction.

As required by Article 11.07, § 3(c), not later than July 25, 2014, the District Clerk had a ministerial function to transmit the record to the Court of Criminal Appeals:

> If the convicting court decides that there are no such issues, the clerk shall immediately transmit to the Court of Criminal Appeals a copy of the application, any answers filed, and a certificate reciting the date upon which that finding was made. Failure of the court to act within the allowed 20 days shall constitute such a finding.

This was not done. Instead, the *habeas* court acted outside of the statutory time in which it could act and, in so doing, violated the statute and entered the findings without authority to do so. Accordingly, the *habeas* court's findings are void.

Additionally, Applicant generally objects to the Findings in their entirety as being without substance. The *habeas* court failed to discuss in detail the evidence proffered by Applicant, instead dismissing it by incorrectly characterizing it, especially in the case of the affidavits of medical experts, including the expert who testified at this trial and who now characterizes the evidence he gave as unsupportable by modern medical protocols and, therefore, incorrect. The *habeas* court has engaged in a pattern of avoidance which calls into question the entirety of the document as it is nothing more than a "Potemkin village, which may be pointed out to passers-by as a monument to the importance of adhering to precedent,"[1]

---

[1] See ***Planned Parenthood of Southeastern Pennsylvania. v. Casey***, 505 U.S. 833, 966 (1992).

3

standing without any substance whatsoever. As such, the findings, in their entirety, must be rejected.

## Applicant's Specific Objections

1. Applicant objects to the finding as to the *habeas* court's resolution of Ground One as it is based entirely on credibility choices without confrontation. A comparison of affidavits does nothing more than create a fact issue but, without unsupported assumptions, that comparison cannot resolve those issues. Jenkin's affidavit recants his trial testimony and controverts Applicant's false confession, and was made against penal interest. None of these factors were mentioned. Applicant objects to this finding because it is, therefore, incomplete. The finding does not in any manner state its bases other than, by implication, an unsupported assumption.

2. Applicant objects to the Finding as to the *habeas* court's resolution of Ground Two because it is incomplete at best. It ignores the fact that Dr. Peerwani, in his affidavit of July 31, 2013, states that he would be unable to classify the death as a homicide, which is directly contradictory of his autopsy report and his testimony. In light of this direct contradiction, which contradiction goes to the very heart of the case presented by the State, to find that Dr. Peerwani's "trial testimony is entirely consistent with his most recent affidavit"[2] ignores the contents of the very affidavit this Court has found consistent. This failure to grapple with Dr. Peerwani's 180 degree turn, or the medical evidence from other experts in the field, all based on new medical protocols designed to protect forensic evidence from the very influences present in this case, causes this finding to be incomplete and unsupportable.

3. Applicant also objects to the *habeas* court's Finding on Ground Two as it fails to address the demonstration that the cause of death was suggested to Dr. Peerwani by law enforcement officers. It also neglects to consider or evaluate the ancillary harm caused by the erroneous testimony as to cause of death which allowed the State to demonstrate

---

[2] There has only been one affidavit submitted by Dr. Peerwani, unless there are additional documents which have not been produced. Thus, there is no "most recent" affidavit.

methods of strangulation to the jury, and to discuss how long strangulation would have taken. The cursory review evidenced by this Finding is evident from the failure to confront and discuss the evidence presented and demonstrates the extent of the incompleteness of the Finding.

4. Applicant objects to the *habeas* court's Finding in Ground Three as woefully inadequate and incomplete. While the Finding does mention that Applicant has raised four distinct **_Brady_** allegations, the Finding, that the evidence withheld was "either not favorable" or would not have "affected the outcome of the trial," lacks any distinction or specificity. Applicant would show that:

   a.  He cannot discern whether this is a finding that a witness who would have testified that the deceased was seen alive after the time that she was allegedly murdered by Applicant was not favorable to Applicant.

   b.  He also cannot determine whether this is a finding that such a witness would not have affected the outcome. In either event, the "finding" does not find the evidence proffered to be untrue, so is it a finding that the State did, indeed, secret evidence?

   c.  He also cannot determine whether this is showing that the very witness upon whom the State would rely to show Applicant to be the last one to see the deceased alive had altered her story and added that very part was not favorable or was it, also, not likely to affect the outcome?

   d.  This Finding is, in reality, no finding at all as it fails in any manner to address the contentions raised and shown by Applicant. It is incomplete to the point of worthlessness.

5. Applicant objects to the *habeas* court's Finding as to Ground Four, the **_Schlup v. Delo_** claim, because it is absolutely unsupportable. Dr. Peerwani clearly, without regard to the previous erroneous finding relating to his only affidavit regarding his conclusions, stated that the evidence he gave before the jury was incorrect and that the cause and manner of death could not be determined. He could not testify that a murder occurred at all and could not testify that the manner of the death was manual strangulation. This fact alone, presentation of false

5

evidence, perhaps suggested by law enforcement to some degree, demonstrates a violation of constitutional rights as well as actual innocence because, notwithstanding the assumptions made in the findings overall, demonstrates an entitlement to relief pursuant to both Article 11.073 , C.Cr.P., as well as ***Schlup***. Additionally, the overall effect of the incomplete finding, both as to this ground and as to the others, is that the lack of completion leaves many controverted and unresolved issues in that very posture.

6. Applicant objects to the *habeas* court's Finding as to Ground Five, the claim pursuant to ***Ex parte Henderson***, as, once again, incomplete and unsupported. The entirety of this finding is that "Applicant has failed in his burden to demonstrate actual innocence." This wholly neglects evidence showing the deceased to be alive after that time Applicant allegedly killed her, it neglects evidence showing that, under modern medical protocols, no finding of homicide could be made and no determination of the manner of death was possible, as well as new evidence showing the evidence given to the jury by the expert witness who testified for the State, was erroneous. Instead of grappling with the evidence shown, the finding, as all the others, merely dismisses the contentions without addressing them in any meaningful manner.

## **Prayer**

WHEREFORE, PREMISES CONSIDERED, Applicant, Randal Franklin Caraway, respectfully prays that the *habeas* court will withdraw its findings of fact as (1) being made without jurisdiction, (2) unsupported by stated evaluations of the evidence, and (3) based on mischaracterization of the evidence proffered by Applicant, and instead find (a) that Applicant has demonstrated that newly available evidence would call into question the commission of any crime whatsoever and that Applicant was deprived of his constitutional rights as enumerated.

Respectfully submitted,

| | |
|---|---|
| **John G. Jasuta** | **David A. Schulman** |
| Attorney at Law | Attorney at Law |
| Post Office Box 783 | Office Box 783 |
| Austin, Texas 78767-0783 | Austin, Texas 78767-0783 |
| eMail: lawyer1@johngjasuta.com | zdrdavida@davidschulman.com |
| Tel. 512-474-4747 | Tel. 512-474-4747 |
| Fax: 512-532-6282 | Fax: 512-532-6282 |
| | |
| State Bar No. 10592300 | State Bar Card No. 17833400 |

Attorneys for Applicant

## Certificate of Compliance and Delivery

This is to certify that: (1) this document, created using WordPerfect™ X6 software, contains 1,905 words, excluding those items permitted by Rule 9.4 (i)(1), Tex.R.App.Pro., and complies with Rules 9.4 (i)(2)(B) and 9.4 (i)(3), Tex.R.App.Pro.; and (2) on March 9, 2015, a true and correct copy of the above and foregoing "Applicant's Objections to the *Habeas* Court's Findings, Conclusions and Recommendations" was transmitted via electronic mail (*eMail*) to John R. Saringer (saringer@wagstafflaw.com), attorney *pro tem*, counsel for the State of Texas.

**John G. Jasuta**